# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO DIAZ-MELQUIADES,<br><br>                          Petitioner<br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | CASE NO. 10cr3090 – IEG<br>Related Case: 11cv1588 – IEG<br><br>ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>[Doc. No. 29 in 10cr3090] |

      Petitioner, a federal inmate proceeding pro se, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 46 months in custody, resulting from his conviction of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He seeks relief on two grounds: (1) ineffective assistance of counsel, and (2) qualification for United States citizenship under 8 U.S.C. § 1431. Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence.

## BACKGROUND

      Petitioner was charged with, and ultimately pleaded guilty to, being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). [Doc. Nos. 1, 18.] As part of his Plea Agreement, Petitioner stated that he understood that he was pleading guilty to a count, which had as one of its elements that "Defendant was not a citizen of the United States," (Plea Agr't ¶

1  II.A.1 [Doc. No. 18]), and he agreed that this fact was "true and undisputed," (*id.* ¶ II.B.1).  In his
2  Plea Agreement, Petitioner also indicated that he "had a full opportunity to discuss all the facts and
3  circumstances of this case with defense counsel, and has a clear understanding of the charges and
4  the consequences of this plea."  (*Id.* ¶ VI.A.)  Finally, as part of the Plea Agreement, Petitioner
5  expressly "waive[d], to the full extent of the law, any right to appeal, or to collaterally attack the
6  conviction and sentence."  (*Id.* ¶ XI.)  On April 4, 2011, the Court sentenced Petitioner to 46
7  months of custody, followed by 3 years of supervised release.  [Doc. No. 27.]
8        Petitioner filed the present motion on July 14, 2011.  [Doc. No. 29.]  Petitioner first
9  contends that he was denied effective assistance of counsel because his court-appointed counsel:
10  (1) failed to file timely objections to the Pre-Sentence Report ("PSR"); (2) failed to properly
11  investigate the case or request Petitioner's background history to determine if Petitioner qualified
12  for 8 U.S.C. § 1431; (3) failed to file a timely notice of appeal or preserve issues for appellate
13  review; and (4) failed to argue for the application of 8 U.S.C. § 1431, where the record would have
14  demonstrated that Petitioner's father was a United States citizen.  In the alternative, Petitioner
15  contends he is actually innocent of being a deported alien found in the United States in violation of
16  8 U.S.C. § 1326 because he can demonstrate that he qualifies for application of 8 U.S.C. § 1431,
17  and therefore was erroneously classified as an illegal alien.  Following the Court's Order to Show
18  Cause, [Doc. No. 30], the Government filed a response in opposition to the motion, [Doc. No. 32].
19  The Court decides this motion without oral argument pursuant to the Civil Local Rule 7.1(d)(1).

## DISCUSSION

21        Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal
22  prisoner that "was imposed in violation of the Constitution or laws of the United States."  28
23  U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on some constitutional error,
24  jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding
25  "inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441
26  U.S. 780, 783-84 (1979).  If the record clearly indicates that a petitioner does not have a claim or
27  that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the
28  record," a district court may deny a § 2255 motion without an evidentiary hearing.  *United States*

1 *v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also United Stats v. Chacon-Palomares*, 208 F.3d
2 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an
3 evidentiary hearing 'unless the motion and the files and records of the case conclusively show that
4 the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

**I.    Ineffective assistance of counsel**

The Sixth Amendment to the United States Constitution guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). In order to succeed on an ineffective assistance of counsel claim, the petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689, and the petitioner bears the burden of establishing both prongs of the standard, *see Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002).

To show that his counsel's performance was deficient, the petitioner must show that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In this regard, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the petitioner must overcome a strong presumption "that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted).

To establish prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A.    Failure to file timely objections to the PSR

Petitioner first contends that his counsel was ineffective because he failed to file timely objections to the PSR. Even assuming the objections were untimely filed, Petitioner has failed to show any resulting prejudice. The docket demonstrates that on February 14, 2011, Petitioner's counsel filed a motion for a downward departure based on cultural assimilation. [Doc. No. 21.] The docket further demonstrates that Petitioner's counsel *did* file a sentencing memorandum one week before sentencing, objecting to the PSR's recommendation that Petitioner be sentenced to 51

months in custody. [*See* Doc. No. 24.] At the sentencing hearing, the Court considered both of these documents, although it ultimately denied the motion for a downward departure. [Doc. No. 27.] Because Petitioner failed to demonstrate how the result of the sentencing would have been different, his ineffective assistance claim fails on this ground. *See Strickland*, 466 U.S. at 694.

### B. Failure to file a timely notice of appeal

Petitioner next contends that his counsel was ineffective because he failed to file a timely notice of appeal or preserve issues for appellate review. It is well-established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and, as a result, the "'defendant is entitled to a new appeal without showing that his appeal would likely have had merit.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In the present case, however, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal . . . the conviction and sentence." (*See* Plea Agr't ¶ XI.)

"'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). In this case, the language of the appellate waiver in the Plea Agreement clearly encompasses Petitioner's right to appeal his sentence and conviction. There is also no indication that the waiver was not knowingly and voluntarily made. Indeed, Petitioner acknowledged that he "had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea." (Plea Agr't ¶ VI.A.) Accordingly, because Petitioner expressly waived any right to appeal, his counsel's alleged failure to file a timely notice of appeal or preserve issues for appellate review does not "f[a]ll below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688.

### C. Failure to investigate and argue the application of 8 U.S.C. § 1431

Finally, Petitioner contends that his counsel's performance was ineffective because he failed to properly investigate the case or request Petitioner's background history to determine if Petitioner qualified for 8 U.S.C. § 1431, and because he failed to argue for the application of 8 U.S.C. § 1431, where the record would have demonstrated that Petitioner's father was a United

States citizen. Section 1431 provides that a child born outside of the United States is an automatic United States citizen if all of the following conditions are fulfilled: (1) at least one of his parents is a United States citizen, whether by birth or naturalization; (2) the child is under the age of eighteen years; and (3) the child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence. 8 U.S.C. § 1431(a).

In the present case, Petitioner failed to show that his counsel's performance was deficient. Apart from Petitioner's conclusory statement that his father is a United States citizen by naturalization, having been naturalized at the INS district office of Pomona, California under the name of Maclovio Diaz Rufino, (*see* Pl. Motion, at 4 [Doc. No. 29]), there is no evidence that 8 U.S.C. § 1431 applies to Petitioner. In fact, Petitioner's claim that he is a United States citizen is refuted by the record. For example, the indictment indicates that official immigration records from the Department of Homeland Security show that Petitioner was previously deported from the United States on October 21, 2009 through Nogales, Arizona. (*See* Gov't Response to Motion, Ex. 2 [Doc. No. 32].) Likewise, in the Plea Agreement, Petitioner acknowledged that he understood that he was pleading guilty to a count, which had as one of its elements that "Defendant was not a citizen of the United States," (Plea Agr't ¶ II.A.1), and he agreed that this fact was "true and undisputed," (*id.* ¶ II.B.1). Accordingly, because Petitioner expressly admitted in the Plea Agreement that he was not a United States citizen, and because there is no indication that the Plea Agreement was not knowingly and voluntarily entered into, Petitioner failed to show that his counsel's failure to investigate and argue the applicability of 8 U.S.C. § 1431 "fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 688.

**II.     Qualification for U.S. citizenship under 8 U.S.C. § 1431**

In the alternative, Petitioner contends he is actually innocent of being a deported alien found in the United States in violation of 8 U.S.C. § 1326 because he can demonstrate that he qualifies for application of 8 U.S.C. § 1431, and therefore was erroneously classified as an illegal alien. As discussed above, however, the record refutes Petitioner's claim that he is a United States citizen. Accordingly, Petitioner failed to demonstrate that he qualifies for application of 8 U.S.C. § 1431, and therefore he failed to demonstrate that his conviction for being a deported alien found

in the United States in violation of 8 U.S.C. § 1326 was "imposed in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2255(a).

**III.    Evidentiary hearing**

Because Petitioner has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," *see Quan*, 789 F.2d at 715, and because "'the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief,'" *see Chacon-Palomares*, 208 F.3d at 1159 (citing 28 U.S.C. § 2255), the Court denies Petitioner's § 2255 motion without an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Date:  December 29, 2011**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**